STATE OF NORTH CAROLINA v. JAMES LOUIS WILLIAMSON

No. 767SC372

(Filed 6 October 1976)

**Criminal Law § 66— in-court identification — pretrial showup identification**

   In this prosecution for armed robbery, the trial court properly permitted in-court identifications of defendant as the robber where the court determined from competent *voir dire* testimony that the identifications stemmed from the witnesses' observations of defendant at the crime scene and were not the result of a lineup or other out-of-court confrontation; however, the court erred in the admission of testimony of a one-man lineup identification of defendant where there was no emergency situation requiring an immediate one-man lineup, there was no showing that defendant was advised of his right to counsel at the lineup, and there was no showing that defendant consented to a lineup or was advised that he would be exhibited to witnesses for identification.

APPEAL by defendants from *Tillery, Judge*. Judgment entered 7 January 1976 in Superior Court, WILSON County. Heard in the Court of Appeals 15 September 1976.

Defendant was charged in a bill of indictment with the felony of robbery with a firearm.

The State's evidence tends to show the following: Defendant and a companion went into Ferrell's Supply Store about 9:00 a.m. on 25 September 1975. The operator, Wilson, and two customers, Horne and Watson, were in the store. Defendant held a gun to Wilson's head, and defendant's companion held a gun to Horne's head. Defendant removed money from Wilson's pocket, and then defendant and his companion made Wilson, Horne, and Watson lie on the floor. Defendant opened the cash drawer and removed the money from it, and defendant and his companion drove away in Wilson's automobile. Wilson and Horne gave the investigating officer a description of defendant but were unable to describe defendant's companion. Defendant was described as a light-skinned colored male, six feet or more in height, muscular with a large neck, a yellowish patch of hair on the left side of his head, and wearing blue slippers with thick orange colored soles. It was brought out on *voir dire* that on the same day the investigating officer received a call from an informant advising that James Louis Williamson had committed the robbery at Ferrell's Supply Store and that he had

just checked in room 434 at the Cherry Hotel in Wilson. Therefore, the investigating officer, with other officers, went to room 434 at the Cherry Hotel, where defendant answered and opened the door. Blue slippers with thick orange soles were observed under the bed, and distinctive coins matching the description of some taken from a compartment of the cash register in Ferrell's Supply Store were on the table beside the bed. Defendant fit the description given by Wilson and Horne, and he was placed under arrest for armed robbery. Wilson, Horne, and Watson identified defendant, the shoes, and the coins at the sheriff's office that night, again at the preliminary hearing, and again at trial.

Defendant offered no evidence.

*Attorney General Edmisten, by Associate Attorneys Alan S. Hirsch and Acie L. Ward, for the State.*

*Connor, Lee, Connor, Reece & Bunn, by James F. Rogerson, for the defendant.*

BROCK, Chief Judge.

Prior to testimony identifying defendant as the robber, defendant objected and moved to suppress identification testimony and testimony of the lineup identification. A *voir dire* was conducted upon the competency of the testimony.

From competent evidence the trial judge determined that the in-court identification of defendant as the robber stemmed solely from the witnesses' observation of defendant at the scene of the crime and was not a result of out-of-court confrontation or lineup procedures employed by the sheriff. Defendant's objections to the in-court identification of defendant were properly overruled.

During the *voir dire* it was developed that after defendant had been arrested, the three witnesses were brought to the sheriff's office to view a suspect. The three witnesses were placed in one room, and defendant was brought in alone. He was required to turn around two or three times and then was taken from the room. The witnesses were asked together if he was the one who robbed the store, and the witnesses replied that he was. The trial judge ruled that this lineup procedure was not illegal and permitted in-court testimony of the lineup identifica-

tion. This was error which we cannot say was nonprejudicial beyond a reasonable doubt.

In this case there was no emergency situation requiring an immediate one-man lineup. The defendant had already been arrested for the offense under a showing of adequate probable cause. There was no danger he would depart the jurisdiction of the court. There was no showing that defendant was advised of his right to counsel at the lineup. There was no showing that defendant consented to a lineup or that he was advised that he would be exhibited to witnesses for identification.

The officers should have known better than to conduct such a one-man lineup. The district attorney should have known better than to have tendered evidence of the lineup identification. The trial judge committed error in permitting such testimony. Had the lineup procedure been proper, the in-court identification of defendant was ample to require submission of the case to the jury without necessity for evidence of a lineup identification.

We have not considered the remaining assignments of error because they probably will not arise upon a new trial. This case has been tried twice, but still another trial must be ordered because of the use of incompetent evidence of identification at an illegally conducted lineup.

New trial.

Judges VAUGHN and MARTIN concur.